IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR21 |
| v. | |
| GERARDO HERNANDEZ, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Gerardo Hernandez's ("Hernandez") pro se motion (Filing No. 77) to extend the limitation period for filing a motion pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Hernandez's motion without prejudice.

In his motion, dated September 23, 2020, Hernandez asserts he is unable to make a timely § 2255 motion due to the BOP lockdowns and his inability to access a law library as a result of the COVID-19 pandemic. He states the the one-year limitation period for his potential § 2255 claim runs in October of this year. Generally, a § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). When a criminal defendant does not file an appeal, then his conviction becomes final when the time to file an appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). A notice of appeal must be filed within fourteen days after the entry of judgment. Fed. R. App. P. 4(1)(A)(i). The Court entered judgment (Filing No. 73) on October 4, 2019, and so Hernandez's conviction became final fourteen days after the entry of judgment: October 19, 2020.

But that is not the only way to calculate the limitation period. The one-year limitation begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Depending on the basis of Hernandez's § 2255 claim, it is possible that a motion might be timely, even if not filed within one year from the date on which the judgment of conviction becomes final. But the Court cannot make that determination on this record.

Nor does it have jurisdiction to grant Hernandez an extension to file his § 2255 motion at this time. The Eighth Circuit has not yet weighed in on this issue, but most of the circuit courts have decided that a federal court does not have jurisdiction "to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *accord Swichkow v. United States*, 565 F. A'ppx 840, 843-44 (11th Cir. 2014); *United States v. White*, 257 F. A'ppx 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. A'ppx 573, 574 (5th Cir. 2005); *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016). *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). The Court must deny Hernandez's request for an extension to file his § 2255 motion, but the Court will do so without prejudice. Indeed, Hernandez still has time to file a § 2255 motion before the one-year limitation period runs on October 19, 2020, if he acts quickly. Even if the motion is initially incomplete, a defendant may be able to amend down the road in certain circumstances. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) ("Claims made in an amended [§ 2255] motion relate back to the original motion when the amendment asserts a claim that arose out of the same 'conduct, transaction, or occurrence set out . . . in the original' motion." (quoting Fed.R.Civ.P. 15(c)(1)(B)).

The doctrine of equitable tolling may be appropriate in limited circumstances. As discussed above, Hernandez explains he has been "locked down" and unable to obtain access to a law library to conduct the requisite research as a result of the COVID-19 pandemic. This may, or may not, warrant equitable tolling. *Compare Soloman v. United States*, 467 F.3d 928, 933-35 (6th Cir. 2006) (finding the lack of access to a law library justified equitable tolling), *with United States v. Cooper*, 891 F.Supp.2d 1071, 1075-76 (D. Neb. 2012) (noting restricted access to a law library does not qualify as an extraordinary circumstance to justify tolling). The application of equitable tolling depends on the facts and circumstances of each case. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Accordingly,

IT IS ORDERED:

1. Gerardo Hernandez's Motion for Extension of Time to file a § 2255 Motion (Filing No. 77) is denied without prejudice.
2. The Clerk of Court is directed to mail a copy of this Order to Hernandez at the address of record for his current place of incarceration.
3. The Clerk of Court is directed to mail Gerardo Hernandez the proper form for filing a § 2255 motion. If Hernandez intends to file such a motion, he should do so promptly.

Dated this 2nd day of October 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge