IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR21 |
| v. | |
| GERARDO HERNANDEZ, | ORDER |
| Defendant. | |

This matter is before the Court on Gerardo Hernandez's ("Hernandez") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 79).

Hernandez pleaded guilty to possessing with the intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. 841(a)(1). On October 4, 2019, the Court sentenced Hernandez to 135 months in prison followed by 5 years of supervised release. He did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Hernandez's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). Unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.* But, "no hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

Liberally construing Hernandez's motion, the Court finds he asserts three grounds of ineffective assistance of counsel. He claims his attorney was ineffective because he (1) did not challenge the charged drug quantity, (2) did not challenge the presence of a weapon, and (3) "would not file an appeal on any matters [Hernandez] requested."

Failing to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel. *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000))). Prejudice is presumed when a client asks to file a notice of appeal, even if the client waived that right as part of the plea agreement. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Although a bare assertion by the defendant that he made such a request is not sufficient to grant relief, *Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014), the Court generally cannot resolve this claim without an evidentiary hearing, *Sellner*, 774 F.3d at 930.

After initial review, it does not "plainly appear" that Hernandez is not entitled to relief. Therefore, the government must file a response. If the government disagrees with the factual basis of Hernandez's claim, an evidentiary hearing will be necessary. *See Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (a district court is "required to hold a hearing before making factual determinations about [defendant's] credibility.").

IT IS ORDERED:
1. Summary dismissal is not appropriate.
2. The United States shall file a response to the § 2255 motion on or before February 22, 2021.

Dated this 1st day of February 2021.

BY THE COURT:

2

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge