IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR21 |
| v. | |
| GERARDO HERNANDEZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Gerardo Hernandez's ("Hernandez") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 79). For the reasons stated below, the motion is denied and no certificate of appealability shall issue.

I.   BACKGROUND

On May 9, 2019, Hernandez pleaded guilty to Count I of the Indictment (Filing No. 1), charging him with conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. section 846. There was no plea agreement. At Hernadez's change of plea hearing, the government set out the factual basis as follows:

> Beginning on or around July of 2017 through November of 2017, Omaha Police Department Narcotics utilized a confidential informant who purchased 102 grams during four different deals with the defendant. All these transactions took place at his residence.
>
> On November 21st, law enforcement did a search warrant where they seized 230 grams of methamphetamine and a .45-caliber handgun.

Hernandez's counsel at that time, Adam Sipple ("Sipple"), objected to the firearm seizure being part of the factual basis, noting the government was planning to dismiss Count II of the Indictment, which charged Hernandez with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), at sentencing. The government agreed

the reference to the firearm did not need to be in the factual basis. The Court found Hernandez's guilty plea to be knowing and voluntary.

Hernandez's Presentence Investigation Report ("PSR") attributed 300.45 grams of actual methamphetamine to him, which placed him at a base offense level of 32. The PSR also noted that a .45 caliber handgun was found during the execution of a search warrant of his home and was in close proximity to methamphetamine, resulting in a two-level increase ("firearm enhancement"). Hernandez was also given a three-level reduction for acceptance of responsibility. With a total offense level of 31 and a criminal history category of III, Hernandez faced an advisory United States Sentencing Guidelines ("Guidelines") range of incarceration of 135 to 168 months. His drug charge also carried a statutory mandatory minimum of 10 years imprisonment.

Sipple objected to the firearm enhancement, arguing there was "insufficient evidence Hernandez was in either actual or constructive possession of a firearm" because multiple people lived in the home where it was found. Overruling Sipple's objection at sentencing, the Court sentenced Hernandez to 135 months imprisonment followed by 5 years of supervised release.

Hernandez did not appeal, but he did file a timely § 2255 motion alleging three grounds of ineffective assistance of counsel. He claims his attorney was ineffective because he (1) did not challenge the charged drug quantity, (2) did not sufficiently challenge the presence of a weapon or file an appeal on that issue, and (3) "would not file an appeal on any matters [Hernandez] requested." The Court held an evidentiary hearing on these issues on July 15, 2021.

## II. DISCUSSION

### A. Standard of Review

Section 2255(a) allows a prisoner in custody pursuant to a sentence imposed by a federal judge to move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or the laws of the United States." The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea negotiations, sentencing, and appeal. *See* U.S. Const. amend. VI; *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1964 (2017). To establish ineffective assistance of counsel, a prisoner must show counsel's representation was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In other words, the prisoner must show his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688, 694.

But "a defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). He must overcome "a strong presumption that [his] counsel's conduct falls within the wide range of reasonable professional assistance" and could be considered sound strategy. *Strickland*, 466 U.S. at 689.

### B. Challenge to the Charged Drug Quantity

Hernandez contends Sipple was ineffective for failing to challenge the drug quantity attributed to him in the PSR. The PSR determined Hernandez was responsible for a total of 300.45 grams of actual methamphetamine, obtained from multiple controlled buys by a confidential informant and from the methamphetamine seized from his home. Sipple testified he did not challenge the quantity based upon the evidence he received showing Hernandez carrying a large amount of methamphetamine and the applicable Guidelines range. Sipple explained that under U.S.S.G. § 2D1.1(a)(5)(c)(4), Hernandez would face the same sentence of imprisonment if he were attributed "at least 150 grams of actual but

3

less than 500 grams of actual methamphetamine." Sipple saw "no plausible argument that less than 150 grams of actual methamphetamine should be attributed to Defendant." Sipple's decision not to object to this calculation was well within his "exercise of reasonable professional judgment," *Strickland*, 466 U.S. at 690, as he believed it to be a meritless objection. *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." (quoting *Strickland*, 466 U.S. at 690)).

### C. Challenge to the Firearm Enhancement

In his second ground for relief, Hernandez discusses the firearm enhancement imposed at sentencing but is not clear as to why he believes his counsel was ineffective. He alleges he "did not know of the weapon in the house" and states that he should not have been given the firearm enhancement. Sipple did file an objection with the Court regarding the firearm enhancement, and the Court overruled it at sentencing. Hernandez testified he knew Sipple filed that objection but was just disappointed in the outcome.

To the extent Hernandez believes his counsel was ineffective for losing that objection, he has failed to show how Sipple's performance was either deficient or prejudicial. *Strickland*, 466 U.S. 687-88 (explaining that deficiency requires the defendant to show counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). The Court also stated at sentencing that even if it was incorrect in applying the firearms enhancement, it would have imposed the same 135-month sentence based on the PSR and the 18 U.S.C. § 3553(a) sentencing factors. Hernandez cannot show prejudice because the result would not have been different. *Id.* at 691. Hernandez also states his "Attorney wouldn't file appeal on issue," which the Court addresses together with his third and more general claim that his attorney "would not file appeal on any matters [he] requested."

### D. Failure to File an Appeal

As stated in his § 2255 motion and expressed during the evidentiary hearing, Hernandez claims he instructed Sipple to file an appeal immediately after sentencing. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012). However, a "bare assertion by the [movant] that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)).

At the evidentiary hearing, Hernandez testified he was disappointed in his 135-month sentence, so he turned to Sipple at the conclusion of his sentencing hearing and stated he wanted to appeal. Hernandez recollects Sipple expressed there was nothing to appeal and walked away. Reflecting on that brief, two-sentence interaction, Hernandez voiced that he understood Sipple's alleged statement to mean that Hernandez did not have a right to appeal, and any appeal would be useless. Hernandez did not reach out to Sipple until approximately two or three months after sentencing, well after the time to appeal had passed.

In contrast, Sipple testified that as soon as the sentencing hearing concluded, Hernandez stood up and the U.S. Marshalls walked him out. He stated this happened very quickly. Sipple did not believe Hernandez asked him to appeal and he affirmed they did not have any type of meaningful discussion in the courtroom. Sipple did acknowledge he was not positive if Hernandez said anything to him at that time, noting that Hernandez often spoke quietly and could be difficult to understand.

Sipple explained that when he is asked to file an appeal, his usual course of practice is to confer with his client in the holding area after sentencing, discuss their options, tell them to think it over, and instruct them to call him the next day. Sipple testified he did not

5

do any of these things after Hernandez's sentencing but would have if Hernandez communicated a desire to appeal. Sipple clearly understood his duty to file an appeal for a criminal defendant if asked. In addition, Sipple testified he sent Hernandez a closing letter on October 9, 2019, just five days after sentencing. That letter did not contain anything about an appeal, which Sipple states would have been included if he thought Hernandez had requested one. The letter instructed Hernandez to contact Sipple if he had any other questions, and Hernandez did not respond to that letter. *See*, *e.g.*, *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (noting the fact that a prisoner did not discuss or request an appeal in any letters to his counsel, but later claimed he asked for an appeal, cut against his credibility).

After reviewing the testimony, the Court finds Hernandez did not "show that he manifestly 'instructed his counsel to file an appeal.'" *Id.* (quoting *Barger*, 204 F.3d at 1182). Hernandez simply made a "bare assertion" that he made such a request, which "is not by itself sufficient to support a grant of relief." *Barger*, 204 F.3d at 1182. The Court found Sipple's testimony at the evidentiary hearing to be credible and concludes Hernandez did not ask him to file a direct appeal.

### E. Certificate of Appealability

The Court will not issue Hernandez a certificate of appealability. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to "demonstrate[] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). He has not made such a showing. Accordingly,

IT IS ORDERED:

6

1. Defendant Gerardo Hernandez's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 79) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Gerardo Hernandez at his address of record.

Dated this 23rd day of August 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge